UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| *In re*: Liborius Agwara,<br>Attorney at Law, Bar No. 7576 | Case No. 2:19-ms-00090<br><br>ORDER |

**I.   SUMMARY**

This is an attorney discipline matter. Before the Court is Liborius Agwara's renewed petition for reinstatement (the "Petition"). (ECF No. 11.) As further explained below, the Court will grant Agwara's Petition.

**II.   BACKGROUND**

Agwara was suspended by the Nevada Supreme Court ("NSC") following his conditional guilty plea to certain misconduct. (ECF No. 1.) Upon receiving notice of his suspension by the NSC, the Court issued an order to show cause why Agwara should not also be suspended by this Court. (*Id.* ("OSC").) Agwara did not timely respond to the OSC, so the Court reciprocally suspended him. (ECF No. 4.)

Agwara later filed an emergency petition for reinstatement (ECF No. 7), which the Court denied (ECF No. 8) because Agwara remained subject to certain probationary conditions the NSC imposed on him (*see generally id.*).

The Petition followed. (ECF No. 11.) In his Petition, Agwara asks to be reinstated primarily because he has successfully discharged the NSC's probationary conditions. (*Id.* at 1-2.) In most pertinent part, he attached a letter from the State Bar of Nevada confirming that he has successfully discharged the probationary conditions the NSC imposed on him. (*Id.* at 8.) Agwara also submitted a recent and current certificate of good standing from the State Bar of Nevada. (*Id.* at 10.)

## III. DISCUSSION

Local Rule IA 11-7(i) states that an attorney who is the subject of an order of suspension "may petition for reinstatement to practice before this court or for modification of the order as may be supported by good cause and the interests of justice." LR IA 11-7(i). The Rule further provides: "if the attorney was readmitted by the supervising court or the discipline imposed by the supervising court was modified or satisfied, the petition must explain the situation with specificity, including a description of any restrictions or conditions imposed on readmission by the supervising court." *Id.* However, the decision as to whether and under what circumstances the attorney will be reinstated to practice before this Court is left to the discretion of the Chief Judge, or other reviewing Judge if the Chief Judge refers the matter to another judge. *See id.*; *see also* LR IA 11-7(a).

The Court will grant the Petition because Agwara has sufficiently demonstrated he successfully discharged the NSC's probationary conditions and is an attorney in good standing with the State Bar of Nevada. (ECF No. 11 at 8, 10.) Moreover, Agwara's Petition demonstrates understanding of the Court's prior order granting him leave to petition this Court for reinstatement once he could show that he is able to practice in Nevada state courts unencumbered by any probationary conditions. (ECF No. 8.) The Court thus finds that Agwara has shown cause to be readmitted to the bar of this Court.

## IV. CONCLUSION

It is therefore ordered that Agwara's renewed petition for reinstatement (ECF No. 11) is granted.

DATED THIS 28th Day of November 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b) and LR 5-1, I hereby certify that I am an employee of United States District Court, and that on this 28th day of November, I caused to be served a true and correct copy of the foregoing Order to Show Cause to the following parties via Certified Mail, Return Receipt Requested via the United States Postal Service, in a sealed envelope, postage prepaid, to the following:

Liborius Agwara, Esq.
2785 E. Desert Inn Rd., Ste. 280
Las Vegas, NV 89121

Certified Mail No.: 7020 3160 0000 7420 3388

/s/ Sharon H.
Deputy Clerk
United States District Court,
District of Nevada

3